Mr. Justice Richahdsoi;
delivered the opinion of the court.
A judgment had been confessed, in 1825, by the defendant, bo-fore the clerk of the court, in the form prescribed by the act of 1821.
. The judgment has been set aside, at the instance of a junior judgment creditor of Wm. Bowie, upon affidavits, affirming, that the defendant was not a resident of the district, where the judg-meat was confessed, at the time of the confession ; nor at any other time.
The motion is, to reverse that decision. Aud the case depends upon the construction of the act.
The enactment is as follows: “ That from and after, etc. it shall be lawful for any debtor in the presence of, and with the consent of his creditor, or his or her agent, to go before the clerk of the Court of Sessions and Common Pleas, of any district in this State, in which such debtor usually resides, and confess a judgment on any bond, note, or book account, under the conditions and regulations hereinafter prescribed. That it shall be the duty of the said clerk, on the application of any debtor and creditor to confess any judgment, on the production of the evidence of the debt, and the creditor’s swearing that such debt is fairly and bona fide due, and that such confession is not for the purpose of defrauding the js-st creditors of the said debtor, to transcribe in a book to be kept by him for that purpose, the note, bond, or account, and file the original ; in which book he shall cause to be written under the copy of such note, bond, or account, a confession to the following effect, to wit.”
The following is the formula adopted : “ I, A B, do hereby confess, that I am fully indebted to O D the sum of dollars *238 being the amount of the bond, note, or account, above transcribed, and interest thereon, (if any,) Given under my hand, the-day of --in the year of our Lord, one thousand eight hundred and ——(Signed,) A. B. In the presence of-”
Which confession, from the date thereof, shall create a lien upon the lands and tenements of such debtor ; and as against subsequent purchasers and judgment creditors, shall bear date from the day of signing as aforesaid.
The object of the act is, plainly, to introduce a new and brief formula ; by which, any debtor may make a confession of the debt he owes, without the-agency of a professional lawyer; which judgment, when confessed in that form, shall have the same effect as other judgments.
The clerk, who takes and enters up the judgment, is the executive organ of the court, in this, as well as in all other judgments. The attorney at law is dispensed with; and the costs are diminished. But the judgment entered, is by virtue of the jurisdiction of the court, of which the clerk is the organ.
The argument, that virtually, the act creates a new jurisdiction in the clerk, independent of the court, is not supported by the act. The new duty given to the clerk, is, that he shall draw up the formula laid down, instead of an attorney. The act gives him no ju. dicial authority, and ousts the court of none.
If affirmative arguments were required to prove this, it is found in the next clause of tbe act; which directs, that such judgments shall be published by the Court of Common Pleas ; and points out the manner of proceeding to set aside such judgments in the court and by the jury, if there be any fraud alleged.
It is further argued, that the act requires that the debtor must have been a resident of the district, where the judgment was confessed.
But this is evidently, the privilege of the debtor, which he may yield up at pleasure. It is like the privilege of every man, to be sued only where his person is found. But this he may, and frequently does yield up. After Wm. Bowie had declared himself a resident of Charleston district, for the purpose of confessing the debt, he cannot aver its untruth ; he had dispensed with his privilege, and to set aside the confession would be a fraud upon the creditor.
The decisions in England, under Statutes Merchant and Statutes Staple, must illustrate this part of the argument satisfactorily.
Our act is indeed, a practical extension of the principle of those *239 acts to all debtors, instead of confining the facility of confession and judgments to one class, or place. And the author may have derived the notion from these statutes.
Memminger, for motion.
pETXGKtf, contra.
Filed 22d February, 1837.
Be this as it may, be has introduced an effectual manner of entering up judgments by confession, in the Court of Common Pleas. And the motion to set-aside the rule, which was made absolute, is granted.
J. S. RICHARDSON.
We concur,
JOHN B. O’NEALL,
A. P. BUTLER', .
JOSIAH J. EVANS,
The opinion of
Mr. Justice Gantt,
By the act of 1821, a person, resident in the district, may go be. for© the clerk of the court of said district, and confess a judgment for a just debt, which the creditor is to make oath of — the form of the confession is prescribed by the act, and such confessions are to be read on the first day of the court, next thereafter, for the purpose of notifying all citizens of the district, of the same. John Bowie, the defendant, had no residence in Charleston district, a fact admitted, and yet the clerk of the court took his confession for a large amount to the plaintiffs. The question below, was to set aside said judg. ment, as being coram non judice, and was granted. I adhere to the opinion then given, strengthened by the authorities which have been relied on in support of it. The act of 1821, is remedial in its nature, and should be construed so as to suppress the mischief and advance the remedy. The present decision, in my judgment, will-tend to advance the mischief and suppress the remedy. It ought to appear on the face of every proceeding of this kind, that the requirements set forth in the act, had been observed ; without this, the act is void ; and it is the proper business of this court, to keep all inferior jurisdiction within the sphere of the powers dek gated to them. There is nothing, therefore, which can sanction this confession ; it amounts to a naked usurpation, and no more, and should be promptly set aside as void.
RICHARD GANTT-